Dear Mr. Doughty:
Your request for an Attorney General's Opinion has been directed to me for research and response. You have asked the following question:
 "Can the West Carroll Parish School Board legally donate school board property (the old Pioneer High School grounds and buildings) to a group of concerned citizens who wish to preserve the historic significance of the buildings and possibly convert the premises into an economic development center?"
Article VII, Section 14 of the Louisiana Constitution of 1974, would seem to be the law which would control in the situation you have described. While this article and section of the constitution is one about which this office has occasionally been called upon to render opinions, the courts have seldom been called upon to interpret it. However, in the case of City of Port Allen, La. v. La. Municipal Risk Management Agency, Inc., et al., 439 So.2d 399, the La. Supreme Court did address this provision of the state constitution. In pertinent part, the court stated the following:
 "The Louisiana Constitution of 1974 provides, as a general rule, that neither the state nor local political subdivisions may loan, pledge, or donate its assets to another. . . ."
The court went on to add the following statement at page 402 of the decision:
 "Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations, or to individuals merely, for a `public purpose'."
Accordingly, it is the opinion of this office that the proposed donation about which you have asked, would be prohibited by the Louisiana State Constitution and the Louisiana Supreme Court's holding in the City of Port Allen case.
Additionally, if this property happens to be "16th Section" land, there would apparently be additional impediments to donating the property you describe.
It would seem, however, that it might be possible for the school board to lease the land in question, to the citizens group you mention. If the property is "16th Section" land, it would appear that any lease would have to, at a minimum, conform to the requirements set forth in LSA-R.S. 41:981. Assuming that the property is not "16th Section" land, and without getting into specific terms of a hypothetical lease, it would appear that a lease of the property which provided for serious consideration, might be acceptable.
You asked an additional question which was contingent upon a finding that a donation would be permissible. Since it is the opinion of this office that the proposed donation is not permissible under Louisiana law, the second question becomes moot.
I trust that the foregoing adequately answers the question you have asked, however, if additional information is need, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2519s